Colonel T.L. Goodwin Director, Arkansas State Police P.O. Box 5901 Little Rock, Arkansas 72215
Dear Col. Goodwin:
This is in response to your request for an opinion regarding the responsibility of the Arkansas State Police for maintaining criminal records. Specifically, you reference Section 3 of Act 551 of 1993, which provides for the amendment of A.C.A. §9-27-309(1987), and concerns the confidentiality of juvenile court records. Section 3 of Act 551 of 1993 provides the following:
 (a) All records may be closed and confidential within the discretion of the court except records of delinquency adjudications for which a juvenile could have been tried as an adult shall be made available to prosecuting attorneys for use at sentencing if the juvenile is subsequently tried as an adult.
 (b) Records of delinquency adjudications for which a juvenile could have been tried as an adult shall be kept for ten (10) years after such adjudication. Thereafter they may be `expunged'. . . .
Your question regarding Section 3 of Act 551 of 1993 is the following:
 May the Arkansas State Police disseminate juvenile records under the foregoing circumstances to employers, the military, or others, when such persons possess a proper and valid release executed by the party to whom the record pertains?
It is my opinion that the answer to your question will depend upon whether a judge in a particular juvenile court proceeding has exercised his discretion, pursuant to Section 3(a) of Act 551 of 1993, to close, and thus deem confidential, the records of a juvenile court proceeding. If a juvenile court has ordered the records closed, it is my opinion that they cannot be released to employers, the military, or any other entity, even with a proper and valid release from the party to whom the record pertains. This opinion is based on the fact that Act 551 of 1993 provides only one exception for the release of juvenile records when such records have been ordered closed by a juvenile court. That one exception applies to the use of such records by prosecuting attorneys under the circumstances set forth in the act and does not encompass an exception for the release of such records to any other entity, even if the person to whom the record pertains consents to such release. See Section 3(a) of Act 551 of 1993.
On the other hand, if a juvenile court has not exercised its discretion to close the records of a juvenile proceeding, it is my opinion that these records, if not "expunged" pursuant to the statute, would be available to employers, the military, or any other entity who wished to gain access to them, regardless of whether they had obtained the consent and release of the party to whom the record pertains. This opinion is based on the fact that such records would be deemed "public records" and thus open to any entity who wished to see them.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh